UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 408 CDP |
| | ) | |
| NANCY A. BERRYHILL, Deputy Commissioner of Operations for Social Security,[1] | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Gregory Crawford brings this action under 42 U.S.C. §§ 405 and 1383 seeking judicial review of the Commissioner's final decision denying his claims for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* Because the Commissioner's final decision is supported by substantial evidence on the record as a whole, I will affirm the decision.

## **Procedural History**

On April 13, 2015, the Social Security Administration denied Crawford's May 2013 application for DIB, in which he claimed he became disabled on December 22, 2014, because of his multiple sclerosis (MS). Crawford requested a

---

[1] Nancy A. Berryhill's term as Acting Commissioner of Social Security expired in November 2017. She continues to lead the agency as Deputy Commissioner of Operations.

hearing and the hearing was held before an administrative law judge (ALJ) on February 2, 2017, at which Crawford and a vocational expert testified. On July 3, 2017, the ALJ denied Crawford's claims for benefits, finding the vocational expert's testimony to support a finding that Crawford could perform work as it exists in significant numbers in the national economy. On January 31, 2018, the Appeals Council denied Crawford's request for review of the ALJ's decision. The ALJ's decision is thus the final decision of the Commissioner. 42 U.S.C. § 405(g).

In this action for judicial review, Crawford contends that the ALJ erred in his consideration of his residual functional capacity (RFC) and failed to properly develop the record. Specifically, Crawford argues that the ALJ erred in his RFC assessment because he improperly discredited Crawford's subjective complaints and improperly relied on the medical expert's opinion, which Crawford contends was based on an incomplete review of the record. Crawford also claims that the ALJ improperly relied on the vocational expert's testimony in finding him not disabled because the hypothetical posed to the expert was based on the improperly assessed RFC. For the reasons that follow, I will affirm the Commissioner's decision.

**Medical Records and Other Evidence Before the ALJ**

With respect to the medical records and other evidence of record, I adopt Crawford's recitation of facts set forth in his Statement of Uncontroverted Facts

and note that they are admitted by the Commissioner. (ECF 19; ECF 28-1). I also adopt the additional facts set forth in the Commissioner's Statement of Additional Facts and note that they are unrefuted by Crawford. (ECF 28-2). Together, these statements provide a fair and accurate description of the relevant record before the Court. Additional specific facts will be discussed as needed to address the parties' arguments.

## Discussion

A. <u>Legal Standard</u>

To be eligible for DIB under the Social Security Act, Crawford must prove that he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will be declared disabled "only if [his] physical or mental impairment or impairments are of such severity that [he] is not only unable to do [his] previous work but cannot, considering [his] age, education, and work experience, engage in any other kind of substantial

gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The first three steps involve a determination as to whether the claimant is currently engaged in substantial gainful activity; whether he has a severe impairment; and whether his severe impairment(s) meets or medically equals the severity of a listed impairment. At Step 4 of the process, the ALJ must assess the claimant's RFC – that is, the most the claimant is able to do despite his physical and mental limitations and determine whether the claimant is able to perform his past relevant work. *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at fourth step of process). If the claimant is unable to perform his past work, the Commissioner continues to Step 5 and determines whether the claimant can perform other work as it exists in significant numbers in the national economy. If so, the claimant is found not to be disabled, and disability benefits are denied.

The claimant bears the burden through Step 4 of the analysis. If he meets this burden and shows that he is unable to perform his past relevant work, the burden shifts to the Commissioner at Step 5 to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that

4

exist in significant numbers and are consistent with his impairments and vocational factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). If the claimant has non-exertional impairments, such as pain or postural limitations, the Commissioner may satisfy his burden at Step 5 through the testimony of a vocational expert. *Pearsall*, 274 F.3d at 1219.

I must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); Jones *v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones*, 619 F.3d at 968. Determining whether there is substantial evidence requires scrutinizing analysis. *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007).

I must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, I must affirm the Commissioner's decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). I may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *McNamara*, 590 F.3d at 610.

B.  The ALJ's Decision

The ALJ found that Crawford met the requirements of the Social Security Act through December 31, 2019, and that he had not engaged in substantial gainful activity since December 22, 2014. The ALJ found that Crawford's MS was a severe impairment. The ALJ determined that Crawford did have a determinable mental impairment of depression, but this impairment did not limit his ability to perform basic mental work and was non-severe. Overall, the ALJ found that these impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13-16.) The ALJ found that Crawford had the RFC to perform sedentary work, and specifically that he could:

> perform sedentary work as defined in 20 CFR 404.1567(a) except never climb ladders, ropes, or scaffolds; never crawl, occasionally climb ramps or stairs, stoop, kneel, and crouch; occasionally balance and ambulate to and from the workstation with the use of a hand held assistive device; frequently reach, handle, finger, and feel bilaterally; avoid concentrated exposure to extreme cold, extreme heat, and vibration; avoid all exposure to moving machinery and unprotected heights, and, the claimant will experience unscheduled absences from work approximating 2 days every 6 months.

(TR 17). The ALJ determined that this RFC prevented Crawford from performing his past relevant work as a carpenter, lawn care technician, scaffold builder, and a millwright. (TR24).

Considering Crawford's RFC and his age, education, and work experience, the ALJ found vocational expert testimony to support a conclusion that Crawford could perform work as it exists in significant numbers in the national economy,

6

and specifically as a small product assembler, ticket taker, and telemarketer. (TR 25). Therefore, the ALJ found Crawford not to be disabled. (TR 26).

C. RFC Assessment

Crawford argues the ALJ erred in the RFC determination because the determination lacks objective medical evidence to support a determination for sedentary work. Further, Crawford claims the decision improperly relied on nonmedical expert testimony, discounted his treating physicians' opinion of his disability, and his subjective complaints regarding his limitations.

A claimant's RFC is the most he can do despite his physical or mental limitations. *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). The ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant, credible evidence in the record, including medical records, the observations of treating physicians and others, and the claimant's own description of his symptoms and limitations. *Goff*, 421 F.3d at 793; *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. §§ 404.1545(a), 416.945(a). Accordingly, when determining a claimant's RFC, the ALJ must necessarily evaluate the consistency of the claimant's subjective complaints with the evidence of record. *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir. 2007); *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). In addition, because a claimant's RFC is a medical question, "the ALJ should obtain medical evidence that addresses the

7

claimant's ability to function in the workplace." *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001). Some medical evidence must support the ALJ's RFC determination. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010); *Hutsell*, 259 F.3d at 711-12. The burden to prove the claimant's RFC rests with the claimant, however, and not the Commissioner. *Pearsall*, 274 F.3d at 1217.

1. *Evaluation of Symptoms*[2]

For purposes of social security analysis, a "symptom" is an individual's own description or statement of his physical or mental impairment(s). SSR 16-3p, 2017 WL 5180304, at *2 (Soc. Sec. Admin. Oct. 25, 2017) (republished). If a claimant makes statements about the intensity, persistence, and limiting effects of his symptoms, the ALJ must determine whether the statements are consistent with the medical and other evidence of record. *Id.* at *8.

When evaluating a claimant's subjective statements about symptoms, the ALJ must consider all evidence relating thereto, including the claimant's prior work record and third party observations as to his daily activities; the duration, frequency and intensity of the symptoms; any precipitating and aggravating factors; the dosage, effectiveness and side effects of medication; and any

---

[2] The Social Security Administration issued a new ruling that eliminates the use of the term "credibility" when evaluating a claimant's subjective statements of symptoms, clarifying that "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2 (Soc. Sec. Admin. Oct. 25, 2017) (republished). The factors to be considered in evaluating a claimant's statements, however, remain the same. *See id.* at *13 ("Our regulations on evaluating symptoms are unchanged."). *See also* 20 C.F.R. §§ 404.1529. This new ruling applies to final decisions of the Commissioner made on or after March 28, 2016.

functional restrictions. *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted). If the ALJ finds the statements to be inconsistent with the evidence of record, he must make an express determination and detail specific reasons for the weight given the claimant's testimony. SSR 16-3p, 2017 WL 5180304, at *10; *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012); *Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir. 1991).

Here, at step three of the sequential analysis the ALJ concluded Crawford had a severe impairment of MS; however, at step four of the sequential analysis the ALJ concluded this impairment did not meet, or medically equal the severity of one of the listed impairments in order to establish a disability. (TR 13, 16). The ALJ considered both the "paragraph A" and "paragraph B" criteria of Listing 11.09 found in the Revised Medical Criteria for Evaluating Neurological Disorders. *See* 81 FR 43048-01, 2016 WL 3551949, at *43057 (Soc. Sec. Admin. Sept. 29, 2016). The ALJ considered all the impairments individually and in combination, but found no evidence that the combined findings met the level of severity to establish disability on the medical facts. (TR 16). An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522. The ALJ found Crawford is able to perform

9

sedentary work, as defined in 20 C.F.R § 404.1567(a).[3] Because these findings are supported by substantial evidence on the record as a whole, I must defer to the ALJ's determination. *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016).

In regards to Crawford's physical symptoms the ALJ properly reviewed objective medical evidence in the record, noting that Crawford does have a medically determinable impairment and treatment records reveal that Crawford was treated for MS before the disability onset date. (TR 19). Even after the disability onset date of December 2014, the repeated hospitalizations and symptoms of the claimant failed to establish a severe disability. The ALJ reviewed hospitalization visits, finding that Crawford's examinations were normal. (TR 19, 752). The ALJ noted on multiple occasions that Crawford's gait was normal, his walk was stable, and tendon reflexes were normal. (TR 19-20, 711, 758-59, 1283, 1293). Further, the ALJ noted that Crawford's strength evaluation throughout his lower extremities was 5/5, with only one occasion of the evaluation being reported at 4/5. (TR 19-20, 711, 757-58, 1283, 1293). When evaluated for symptoms related to chest pain, his EKG results and overall examination findings were normal. (TR 19, 750-52). When evaluated for blurry vision his eye examination

---

[3] Sedentary work is defined as: Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R 404.1567(a).

was normal, with a reported visual acuity of 20/40 or better in both eyes. (TR 19, 985-86). Crawford asserts that the ALJ failed to consider incontinence as a restriction; however, Crawford was prescribed a treatment regime to use for incontinence. (TR 21, 1210). Moreover, Crawford has reported that he was doing well on his current medicinal treatment regime (TR 21, 149).

In addition to the physical symptoms, the ALJ properly reviewed Crawford's mental symptoms and analyzed if these symptoms met the level of impairment for disability. Multiple reports noted that Crawford did not appear to suffer from any intellectual or neuropsychological decline because of MS. (TR 19, 302-03, 338, 403). Further, at no time did Crawford appear to have a cognitive disorder. (TR 403, 1160). The ALJ properly reviewed records that indicated a normal mental status, which his concentration and attention were good, and memory was intact. (TR 23, 152, 302-03, 1155-56, 1212).

While Crawford argues there is a lack of objective medical evidence to support the conclusions regarding his RFC, an ALJ may question the credibility of a claimant's allegations when the medical evidence does not support the allegations. *Riggins v. Apfel*, 177 F.3d 689, 692 (8th Cir. 1999). Further, an ALJ did not err when evidence showed that the symptoms were relieved through appropriate treatment. *Rhodes v. Apfel*, 40 F. Supp. 2d 1108, 1122 (E.D. Mo. 1999). Here, the medical evidence and treatment protocols contradict Crawford's

claims, therefore the ALJ did not err in discounting Crawford's subjective medical complaints.

The ALJ also considered evidence regarding Crawford's daily activities, finding that his daily routine presented inconsistencies with his claim for total disability. A claimant's daily activities may be considered and relied upon to demonstrate that a claimant is not disabled. *McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013). An RFC determination is based on all the evidence in the record, including observations of treating physicians and others. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir. 2002). Here, Crawford engaged in activities that were more than just sporadic light activities because he cared for an infant child, helped build a fence, repaired his side walk, performed other repairs, golfed, mowed the lawn, fished, boated, and performed other household chores (Tr. 23, 173, 191, 201, 286, 382-83, 535, 764, 927, 1336). Moreover, the Office of Investigation for the Social Security Administration observed Crawford. The report of investigation found Crawford able to drive on his own, that he did not rely on his cane for ambulation and was able to walk quickly, that he did not use a wheeled walker, and that he was able to stand in line at a Starbuck's coffee shop. (TR 24, 1509-10). An ALJ's consideration of evidence offered by Office of Investigation is proper in determining an RFC. *Graffis v. Colvin*, No. 4:14 CV 1486 SNLJ(JMB), 2015 WL 5098776 (E.D. Mo. Aug. 11, 2015). The ability to

continue to engage in normal daily activities does not support a finding of total disability. *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000). Therefore, in a manner consistent with and as required by *Polaski*, the ALJ evaluated Crawford's statements of symptoms on the basis of the entire record and articulated specific reasons in finding that Crawford's symptoms were inconsistent with the record. Because this determination is supported by good reasons and substantial evidence, I must defer to it, *Julin*, 826 F.3d at 1086.

2. *Medical Expert Opinion*

It is the ALJ – and not a medical or other expert – who is charged with the duty to review all relevant, credible evidence in the record, including all the medical and nonmedical evidence, the observations of treating physicians and others, and the claimant's own description of his symptoms and limitations. A medical expert's opinion need not address the entirety of the record. Instead, it becomes a part of the record that the ALJ must consider and weigh – along with all the other evidence of record – when determining disability. *See Wagner*, 499 F.3d at 848.

Crawford argues that the ALJ did not explain how objective medical expert opinion supports the finding that he is capable of sedentary work; however, the ALJ did consider medical expert opinion in determining that Crawford can perform sedentary work. The ALJ considered the opinion of Dr. Jiling Tsai, one of

13

Crawford's treating physicians. Dr. Tsai concluded that Crawford was capable of lifting no more than ten pounds. (TR 22, 941). The ALJ also considered the opinion of Robert Cottone, a state agency psychological consultant, who stated that Crawford does not have severe mental impairments. (TR 23, 403). The ALJ afforded the opinions of Dr. Tsai and Mr. Cottone greater weight because these opinions were consistent with the medical evidence and Crawford's observed daily activities. *Casey v. Astrue*, 503 F.3d 687, 694 (8th Cir. 2007) (finding ALJ did not err in considering State agency psychologist's opinion along with the medical evidence as a whole). It was proper for the ALJ to discount the opinions Dr. David Brigham and nurse practitioner Nancy Rodenberg because their opinions were vague and did not include work related functions; thus the record as a whole did not support these opinions. *Chaney v. Colvin*, 812 F.3d 672, 679 (8th Cir. 2016).

The ALJ thoroughly discussed specific medical facts as well as the nonmedical evidence of record, addressed the consistency of this evidence when viewed in light of the record as a whole, and assessed Crawford's RFC based on the relevant, credible evidence of record. Because the RFC is supported by some medical evidence, it will not be disturbed. *See Baldwin v. Barnhart,* 349 F.3d 549, 448 (8th Cir. 2003); *Anderson v. Shalala*, 51 F.3d 777, 780 (8th Cir. 1995).

D. <u>Vocational Expert Opinion</u>

Crawford claims that because the hypothetical posed by the ALJ to the vocational expert was based on the ALJ's flawed RFC analysis, the vocational expert's opinion could not constitute substantial evidence to support the ALJ's finding of non-disability. As discussed above, however, the ALJ properly determined Crawford's RFC based on substantial medical and other evidence of record. Because the hypothetical posed to the vocational expert included all of the RFC limitations as determined by the ALJ, the ALJ did not err in relying on the expert's opinion given in response to this proper hypothetical. *Guilliams v. Barnhart,* 393 F.3d 798, 804 (8th Cir. 2005) ("The Commissioner may rely on a vocational expert's response to a properly formulated hypothetical question to show that jobs that a person with the claimant's RFC can perform exist in significant numbers."). "An ALJ may rely on a vocational expert's testimony as long as some of the identified jobs satisfy the claimant's residual functional capacity." *Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014). Here, the jobs identified by the vocational expert match the RFC determination for sedentary work and that Crawford could perform these jobs in the national economy.

**Conclusion**

When reviewing an adverse decision by the Commissioner, the Court's task is to determine whether the decision is supported by substantial evidence on the

record as a whole. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001). "Substantial evidence is defined to include such relevant evidence as a reasonable mind would find adequate to support the Commissioner's conclusion." *Id.* Where substantial evidence supports the Commissioner's decision, this Court may not reverse the decision merely because substantial evidence exists in the record that would have supported a contrary outcome or because another court could have decided the case differently. *Id*. *See also Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011); *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

For the reasons set out above, a reasonable mind can find the evidence of record sufficient to support the ALJ's determination that Crawford was not disabled. Because substantial evidence on the record as a whole supports the ALJ's decision, it must be affirmed. *Davis,* 239 F.3d at 966. I may not reverse the decision merely because substantial evidence exists that may support a contrary outcome.

Accordingly,

**IT IS HEREBY ORDERED** that that the decision of the Commissioner is affirmed, and Gregory Crawford's complaint is dismissed with prejudice.

A separate Judgment is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of March, 2019.